IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BYRON WALLACE                                                                                    PLAINTIFF

v.                                         Civil No. 6:22-CV-06043

DR. GUY HENRY, *et. al.*                                                                    DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on April 14, 2022. (ECF No. 1). It was transferred to this District the same day. (ECF No. 4). On April 19, 2022, Plaintiff was directed to file an Amended Complaint, and did so on May 4, 2022. (ECF No. 9). Plaintiff alleges that Defendant Dr. Guy Henry and eleven nurses at the Arkansas Division of Correction ("ADC") Ouachita River Unit denied him proper medical care for his diabetes from December 20, 2018,[2] to the present time. (*Id*. at 8, 10, 11).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[2] A portion of this timeframe appears to fall outside the three-year statute of limitations for § 1983 claims in Arkansas.

1

Plaintiff proceeds against all Defendants in their official capacity only. (*Id*. at 9, 11, 12). He seeks compensatory damages. (*Id*. at 13).

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

The Court takes judicial notice that WellPath LLC, a private medical care company, is contracted to provide medical care at the ADC, and all Defendants in this case appear to be employees of WellPath.  Medical companies who contract to provide medical care for incarcerated persons are state actors acting under color of state law for the purposes of § 1983.  *Davis v. Buchanan County, Missouri*, 11 F.4th 604, 617 (8th Cir. 2021).  *See also West v. Atkins*, 487 U.S. 42, 57, (1988) (because the provision of medical services to inmates is "state action fairly attributable to the State," medical personnel acts "under color of state law for purposes of § 1983."); *Montano v. Hedgepeth*, 120 F.3d 844, 849–50 (8th Cir. 1997) ("physicians working in state prisons, who help to fulfill the state's Eighth Amendment obligation to inmates and who typically are the only health professionals available to care for incarcerated persons, are persons who may fairly be said to be state actors.").

Plaintiff's allegations that he was denied medical care for his diabetes state plausible denial of medical care claims.  Plaintiff does not, however, need to bring the identical official capacity claims against twelve WellPath Defendants.  Plaintiff's official capacity claims against Defendants are the equivalent of claims against their employer, WellPath.  *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993).  Plaintiff has named Dr. Guy Henry as a Defendant, and may bring his official capacity claims against him.  Because all of Plaintiff's claims are official capacity claims, the remaining claims should be dismissed as redundant against all other named Defendants.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's official capacity denial of medical care against Defendant Dr. Guy Henry remain for service and further review.  It is further recommended that all other Defendants be dismissed from this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of June 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE