IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BYRON WALLACE                                                                               PLAINTIFF

v.                                    Civil No. 6:22-CV-06043-BAB

DR. GUY HENRY and                                                    DEFENDANTS
WELLPATH LLC

**MEMORANDUM OPINION and ORDER**

This is a civil rights action filed *pro se* by Plaintiff, Byron Wallace, under 42 U.S.C. § 1983. On September 7, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 17). Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 24).

**I. BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on April 14, 2022. (ECF No. 2). It was transferred to this District that same day. (ECF No. 4). Due to deficiencies in Plaintiff's Complaint, the Court entered an Order directing Plaintiff to submit an Amended Complaint on April 19, 2022. (ECF No. 7). Plaintiff did so on May 4, 2022. (ECF No. 9).

In his Amended Complaint, Plaintiff alleges that Defendant Dr. Guy Henry and eleven nurses[1] at the Arkansas Division of Correction ("ADC") Ouachita River Unit denied him insulin for his diabetes from December 20, 2018, to the time he filed his Complaint. (*Id*. at 8, 10, 11). As a result, he suffered from:

---

[1] All Defendants except Defendant Henry were terminated as Defendants at the mandatory PLRA preservice screening. Defendant WellPath LLC was added by order of the Court due to the nature of the claims.

1

> blurred vision, memory loss, foggish memory, weak kidneys, blood in urine, burning feet tingling, shortage of breath, painful urination when there is pain in my kidney area, headaches, my arms and shoulders and ack are bothering everyday, stress and anxiety due to being deprived of much needed insulin not being given to me on a consistent basis over such a long period of time.

(*Id*. at 8-9). Plaintiff further alleges he was given "metformin pills and oral medications" in place of insulin. (*Id*. at 9). Plaintiff does not indicate whether he has Type I or Type II diabetes in his Amended Complaint.

Plaintiff alleges he wrote grievances and placed sick calls to no avail, and Defendants "did not care about writing down my blood sugar levels." (*Id*. at 10). Plaintiff alleges Defendants Dr. Henry and Nurse Basshams threatened him several times when he questioned why they were treating him unfairly. (*Id*. at 10). Plaintiff does not specify the content of the threats. Plaintiff alleges Defendant Dr. Henry abruptly stopped his insulin from December 2018 to 2021, and started a program of only checking his blood sugar three times a day. (*Id*. at 12). Plaintiff then alleges Defendant Dr. Henry restarted his insulin in November 2021 after he filed grievances. (*Id*.). Plaintiff alleges it has been a "continual battle in the correction of me receiving the correct balance of insulin as of present." (*Id*.).

Plaintiff proceeds against all Defendants in their official capacity only. For his official capacity claims, Plaintiff alleges free-world doctors prescribed him a certain dosage of insulin to be taken when his daily blood sugar went above 200. (*Id*. at 9). Plaintiff indicates he was convicted in October 2009. (*Id*. at 2). He further alleges it is generally accepted in the medical community that he "should receive a certain amount of Insulin dosage whenever blood sugar level reaches over 200, when only I am receiving only 10 units of dosage when it is expected to be 20 or more." (*Id*. at 11). Plaintiff further alleges Defendant Dr. Henry has failed to monitor his daily blood sugar and has failed to test his A1c hemoglobin every 90 days. (*Id*. at 12).

Plaintiff seeks compensatory damages for the physical complaints he has suffered due to not being given insulin. (*Id*. at 13). He asks $500,000 or "at the court's discretion." (*Id*.).

As part of the mandatory PLRA[2] preservice screening process, the eleven nurses were dismissed as redundant for Plaintiff's official capacity claim for denial of insulin. (ECF Nos. 11, 12). In accordance with District policy regarding official capacity claims, Wellpath LLC, was added as a Defendant by Court Order on August 17. 2022. (ECF No. 13).

Defendants filed their Motion for Summary Judgment on February 15, 2023. (ECF Nos. 24. 25, 26). They argue summary judgment in their favor is appropriate because Plaintiff cannot meet his burden of proof to show any deliberate indifference regarding his diabetes treatment. (ECF No. 25 at 2). They first argue that some of Plaintiff's claims are barred by the statute of limitations. (*Id*.). As to the remaining claims, they argue that Plaintiff was appropriately and adequately monitored and treated for his Type II diabetes. (*Id*. at 4-5). In their attached exhibits, they provide evidence of regular chronic care visits for diabetes and other conditions, as well as regular blood sugar monitoring. (ECF Nos. 26-2 to 26-21). Defendants provided objective evidence that Plaintiff's blood sugar was checked regularly from December 2018 through May 4, 2022. (ECF No. 26-2). The medical record also shows Plaintiff refusing to attend chronic care visits and consults. (ECF Nos. 26-2 at 1, 2; 26-2 at 2, 3; 26-7 at 1, 26-9 at 1, 2; 26-10 at 1, 26-19 at 1). Plaintiff is also recorded as stating he would not take insulin if his blood sugar levels were 200 or lower. (ECF No. 26-2, 26-4, 26-5). One medical record indicates Plaintiff stated he is "a spiritual man and knows his body and knows when to take or not take Insulin, BP medications, etc." (ECF No. 26-7 at 1).

---

[2] Prison Litigation Reform Act, 28 U.S.C. § 1915A.

As part of their supporting evidence, Defendants provide an affidavit from Dr. Joe Leverett, a Board-Certified Internal Medicine physician. (ECF No. 26-1). In his affidavit, Dr. Leverett notes that Plaintiff is a Type II diabetic. (*Id*. at 1). He notes that, unlike Type I diabetics, for whom insulin use is mandatory, many Type II diabetics do not require insulin and their disease can be managed using drugs such a Metformin. (*Id*.). Dr. Leverett also notes that Defendant Dr. Henry treated Plaintiff with insulin at times, and with Metformin at other times. (*Id*. at 1). Henry routinely ordered laboratory tests, including metabolic panels and HBA1c tests, and placed Plaintiff on a special diet. (*Id*. at 1-2). Dr. Henry also performed monofilament studies to monitor for diabetic neuropathy, as well as testing for kidney function and retinopathy. (*Id*. at 2). Nursing staff appropriately checked Plaintiff's blood sugar levels and administered his proper medication. (*Id*.). He notes that Plaintiff was not a good candidate for insulin therapy, and his HBA1c level improved and blood sugar levels stabilized when he was not prescribed insulin. (*Id*.). In contrast, when Plaintiff demanded to be put on insulin, his weight increased, his HBA1c increased, and his blood sugar levels increased. (*Id*.). He notes that Plaintiff consistently refused medical treatment, including insulin. (*Id*.). He emphasizes May 2020, when Plaintiff refused 49 out of 62 doses of insulin. (*Id*.). He indicates Plaintiff has "continually claimed to the medical/clinical staff that he knew when he needed insulin, and he refused to take insulin if his blood sugar level was below 200." (*Id*.). In his opinion, the medical care provided to Plaintiff was "appropriate, adequate, and timely." (*Id*. at 3).

Plaintiff filed his Response, including a Statement of Disputed Facts, on March 6, 2023. (ECF Nos. 28, 28-1). For the first time in this case, Plaintiff alleges he is a Type I diabetic. (ECF No. 28 at 1; 28-1 at ¶¶ 2, 19). Plaintiff argues that, prior to his incarceration, Veteran's Administration ("VA") doctors had prescribed him insulin for Type I diabetes. (ECF Nos. 28 at

4

7; 28-1 at ¶ 19). Plaintiff does not provide his VA medical records, or any other objective medical documentation that he was ever diagnosed as a Type I diabetic. Instead, he argues each time he was prescribed or re-prescribed insulin in the ADC constitutes evidence that he is a Type I diabetic. (ECF No. 28-1 at ¶¶ 2, 3, 6, 13, 17, 20 ).

Plaintiff states he should not take insulin if his blood sugar is 200 or lower and does not dispute that he has refused insulin under those circumstances. (*Id*. at ¶¶ 4, 5, 10). Plaintiff disputes that he ever refused a monofilament test, and repeatedly characterizes the Wellpath medical records as false, fabricated, and fallacious. (*Id*. at ¶¶ 6-8, 10-11). Plaintiff does not dispute that he was seen in chronic care for his diabetes.[3] (*Id*. at ¶¶ 3, 5, 7, 8, 11, 12, 14, 16, 17, 19, 20). He instead argues the 8-month break in chronic care visits between April 6, 2020, and January 6, 2021, constitutes neglect. (*Id*. at ¶ 12).

Plaintiff refers to and attaches several ADC grievances to his Response. He argues these are evidence of the negligent care he has received for his diabetes. (ECF No. 28 at 1, 2, 4,7). Grievance OR-19-00050 was submitted as an informal grievance on January 3, 2019. (ECF No. 28-4 at 1). Plaintiff grieved a nurse failed to give him his insulin on December 20, 2018, and told him his insulin was "discharged." (*Id*.). The date listed for Step Two of the grievance is listed as January 11, 2019, but there is no evidence on the form that medical staff received the grievance, and no evidence the grievance was exhausted. (*Id*.).

The Health Service Response to Grievance OR-21-00745 was signed on November 15, 2021. (ECF No. 28-3 at 1). The summary of the grievance indicates Plaintiff submitted it on October 2, 2021, and stated Dr. Henry and nursing staff had been deliberately indifferent to his

---

[3] Plaintiff disputed the paragraphs referenced, but his dispute focused on the reporting of or the prescriptions from the chronic care visits. He did not dispute that the chronic care visits occurred.

diabetic medical needs for the last three years because he had been denied daily insulin, and his insulin had been restarted and abruptly stopped without a "diagnostic expert explanation." (*Id*.). The response noted Plaintiff continued to be monitored through the chronic care clinic and through lab testing. (*Id*.). The grievance was found to be with merit because "numerous doses" of insulin had not been charted. (*Id*.). Plaintiff's appeal to this Response states he agrees with the results, but would like to emphasize that this is a "steadily ongoing problems in which Dr. Henry and other nurses have been purposefully denying me insulin since December of 2018 . . . ." (*Id*.). The final grievance appeal noted continued undocumented doses of insulin, found the grievance to be with merit, and encouraged Plaintiff to submit a Request for Interview with medical staff to answer any diabetes question he may have. (ECF No. 28-2 at 1).

The Health Service response to Grievance OR-22-00015 was signed on February 2, 2022. (ECF No. 28-3 at 3). The summary states Plaintiff started the grievance on January 3, 2022, and complained a nurse refused to allow you to check your blood sugar or administer your insulin at noon pill call. (*Id*.). The grievance was found to be without merit because Plaintiff only had a prescription for insulin to be given twice a day at the morning and evening pill call. (*Id*.). Plaintiff's appeal states he went to chronic care on February 1, 2022, and Dr. Henry told him his A1c was high, and he would increase his dosage from 10 unit to 20 units. (*Id*.). Plaintiff further states the infirmary has "lost track of my normal routine." (*Id*.).

Plaintiff submitted Step One of Grievance OR-22-00044 on January 6, 2022. (ECF No. 28-4 at 2). Plaintiff again grieved he was not getting his fingerstick and insulin at noon. (*Id*.). The response indicated he had not been prescribed insulin at noon since January 31, 2019. (*Id*.). He was urged to speak with the medical provider if he needed to check more frequently. (*Id*.).

6

The Health Services response to OR-22-00078 was signed on February 9, 2022. (ECF No. 28-3 at 2). The summary indicates Plaintiff grieved on January 27, 2022, that a nurse had "disrespectfully advised" him that he did not have an order for insulin or accu-checks at noon. (*Id*.). The response indicated he did not have an order for either at noon. The response further noted that Plaintiff had seen Dr. Henry on February 1, 2022, in chronic care, and he noted you were upset about the lack of noon pill call. Dr. Henry noted there were no orders for noon pill call, and he could see no current clinical need for noon pill call. (*Id*.). The grievance was found to be without merit. (*Id*.). Plaintiff's appeal of this response states he has been complaining about being denied insulin since December of 2018. (*Id*.). At the same time, he states the nurses were "only authorized by Dr. Henry to check my blood sugar levels 3-times daily." (*Id*.). These two statements appear to be contradictory.

Finally, Plaintiff submitted an affidavit referencing an earlier § 1983 lawsuit. (ECF No. 28-1 at ¶6; 28-6). He argues he filed a *pro se* lawsuit showing Defendants to be at fault for "denying him much needed life saving insulin" in "5:13-cv-00155." Since that time, he states Defendants have been "covering up wrongful criminal activities committed against me" and refusing him the ability to exhaust administrative remedies. (*Id*.). The Court located this case in the Eastern District of Arkansas: *Wallace v. Bland*, 5:13-cv-00155-SWW. In this case, Plaintiff alleged denial of adequate medical care and treatment for his diabetes while housed in the ADC Cummins Unit. There are no shared Defendants between the cases, and Plaintiff did not allege he had Type I diabetes. The Proposed Findings and Recommendations regarding Defendants' Motion for Summary Judgment was filed on April 25, 2014. (5:13-cv-00155-SWW, ECF No. 70). This Recommendation found Plaintiff failed to exhaust his administrative remedies against one Defendant. It further found Plaintiff's mere disagreement with his medical care was insufficient

to rebut the medical evidence provided or to create a factual issue over the quality of care. (*Id*.). at 69-70). The Proposed Findings and Recommendations were adopted on May 7, 2014, and Plaintiff's case was dismissed. (5:13-cv-00155-SWW, ECF No. 73). Plaintiff appealed, and the Eighth Circuit affirmed the dismissal. (5:13-cv-00155-SWW, ECF Nos. 85, 86, 87).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Plaintiff's allegations of deliberate medical indifference in the treatment of his diabetes are contradicted by the summary judgment record.  The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs.  *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'"  *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation."  *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted).  "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct."  *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation."  *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted).  An

"inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Here, Plaintiff's diagnosis of diabetes (of either Type) satisfies the objective prong of the medical deliberate indifference test. Plaintiff has failed, however, to provide any summary judgment evidence sufficient to meet the subjective second prong of the test. Plaintiff alleges for the first time in his Summary Judgment Response that he has Type I diabetes, which requires mandatory use of insulin. He did not make this allegation in either *Wallace v. Bland* or his Amended Complaint in this case. More importantly, he did not provide any objective medical evidence of a Type I diagnosis. Plaintiff also argues his pre-incarceration VA records state both that he is Type I and that he needs insulin, regardless of diabetes Type. However, he did not submit any VA records with his Response.

In direct contradiction to Plaintiff's allegations, the summary judgment record before the Court indicates Plaintiff was regularly and appropriately monitored and treated for his Type II diabetes. Plaintiff was seen regularly for chronic care visits for his diabetes. Plaintiff argues that the 6-month delay of chronic care visits between April and October 2020 was unusually long and evidence of neglect. Plaintiff's blood sugar was tested frequently. Indeed, one of his primary grievances appears to be that it was only checked two times a day rather than three. Metabolic tests were regularly ordered and performed. He was prescribed diabetes medications, including insulin at times, for management of his diabetes. His medications were adjusted frequently. He

was placed on a special diet to help manage his diabetes. Finally, Plaintiff does not dispute that he refused to take his insulin if his blood sugar was below 200.

Based on this summary judgment record, the Court concludes the care Plaintiff received was constitutionally sufficient. Courts "hesitate to find an [E]ighth [A]mendment violation when a prison inmate has received medical care." *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990). *See also, e.g., Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Eighth Amendment does not require that prisoners receive "unqualified access to health care"); *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991) (it is not constitutionally required that care be "perfect, the best obtainable, or even very good") (citation omitted); *Schaub v. VonWald*, 638 F.3d 905, 935 (8th Cir. 2011) (Beam, J., dissenting) ("inmates are only entitled to adequate medical care, not the best care possible") (internal quotation marks and citation omitted).

While Plaintiff clearly disagrees with the quality of care provided, such disagreement does not state a constitutional violation. The Eighth Circuit has "repeatedly held that a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail to rise to the level of a constitutional violation." *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (prisoner's disagreements on location of rehabilitation for burn injuries, amounts of pain medication, and frequency of bandage changes failed to state deliberate indifference); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989) (prisoner's disagreement about treatment for mental deficiency, surgery for hernia, hearing deficiency, and nutritional deficiency found insufficient); *Lair v. Ogelsby*, 859 F.2d 605, 606 (8th Cir. 1988) (mere disagreement about which medication should have been prescribed does not constitute an Eighth Amendment violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (prisoner's disagreement about treatment of pain in his lower back and arm did not constitute an Eighth Amendment violation).

## IV.  CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 24) is **GRANTED** and Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED this 10th day of July 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE